IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL BERK, <br> #43739-037, <br> PETITIONER, | § <br> § <br> § <br> § | |
| v. | § | CIVIL CASE NO. 3:21-CV-952-B-BK |
| K. ZOOK, WARDEN, <br> RESPONDENT. | § <br> § <br> § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Michael Berk's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. As detailed herein, the petition should be summarily **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.[1]

## I.    BACKGROUND

On April 26, 2021, Berk, a federal prisoner at the Seagoville FCI, filed a habeas corpus petition complaining about the denial of adequate dental care for chronic caries and an open cavity, which has exposed the nerve of his tooth and causes him pain. Doc. 3 at 5-6. He states

---

[1] A habeas corpus petition under 28 U.S.C. § 2241 is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief. *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal of § 2241 petition); *see also* Rule 1(b) of the RULES GOVERNING SECTION 2254 CASES (providing that the § 2254 rules also apply to habeas petitions not covered under § 2254); and Rule 4 of the Section 2254 Rules ("If it plainly appears from the petition … that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

that he has been on a waiting list to see a dentist or a hygienist since October 9, 2018—over two and one-half years. *Id.* Berk avers that FCI Seagoville presently has no hygienist on staff and only limited dental services are available and, thus, that it would be futile to exhaust his administrative remedies. *Id.*; Doc. 3 at 2. Berk requests that the Court order the Warden to transport him to an outside dentist for appropriate and adequate dental treatment. Doc. 3 at 6.

At the outset, the Court evaluates the substance of Berk's claims to determine if they are properly brought under 28 U.S.C. § 2241. Upon review, the Court finds that they are not and that his habeas corpus petition should be dismissed for want of jurisdiction.[2]

## II.     ANALYSIS

A petitioner may seek habeas relief under 28 U.S.C. § 2241 if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). It is well established, however, that habeas actions are reserved for "[c]hallenges to the validity of any confinement or to particulars affecting its duration," and that civil-rights actions are typically used to attack conditions of confinement. *Muhammad v. Close*, 540 U.S. 749, 750 (2004), citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). *See also Pierre v. United States*, 525 F.2d 933, 936 (5th Cir. 1976) (habeas relief generally exists solely to "grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose").

Thus, where a prisoner challenges the conditions of his confinement or prison procedures, the proper vehicle is a civil rights action if a determination in the prisoner's favor would not automatically result in his accelerated release. *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th

---

[2] Although Petitioner did not submit a motion to proceed *in forma pauperis* or pay the filing fee, it is more efficient to dismiss the petition than to require compliance with this Court's filing requirements. *See* Doc. 3 at 1 (noting that the filing fee would be submitted at a later time).

Cir. 1997); *see also Poree v. Collins*, 866 F.3d 235, 243-44 (5th Cir. 2017) (summarizing general Fifth Circuit principles and noting circuit split as to whether conditions of confinement claims can be brought in habeas petitions); *Cook v. Hanberry*, 596 F.2d 658, 660 (5th Cir. 1979) (noting the proper remedy for unconstitutional conditions of confinement should be equitable—to correct the unlawful practices that make the conditions intolerable). Based on the foregoing precedent, the United States Court of Appeal for the Fifth Circuit recently found no jurisdiction in the habeas context to consider claims stemming from adverse conditions of confinement brought about by the COVID-19 Pandemic. *Rice v. Gonzalez*, 985 F.3d 1069, 1070 (5th Cir. 2021) (declining to extend federal habeas jurisprudence to conditions of confinement claims). In so holding the Court reiterated that "the Great Writ does not, in [the Fifth] Circuit, afford release for prisoners held in state custody due to adverse conditions of confinement." *Id.*

In this case, Berk's conditions-of-confinement claims premised on the alleged lack of adequate dental care are unrelated to the cause or duration of his federal detention. Indeed, his allegations, even if true, would not necessarily entitle him to earlier or speedier release. Thus, Berk's complaints are more appropriately addressed in a civil-rights action. As such, the Court concludes that it lacks subject matter jurisdiction over Berk's habeas petition as it challenges only the conditions of his confinement.

### III.     CONCLUSION

For the foregoing reasons, Berk's petition for writ of habeas corpus should be summarily **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**SO RECOMMENDED** on May 10, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).